FILED

AUG 21 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

AARON THORPE,                  :

        Petitioner,           :    Criminal No.:    03-0174 (RMU) —File

        v.                    :    Civil Action No.: 05-2260 (RMU)

UNITED STATES OF AMERICA,      :

        Respondent.           :

## MEMORANDUM OPINION

### DENYING THE PETITIONER'S MOTION FOR POST-CONVICTION RELIEF; GRANTING PETITIONER'S COUNSEL'S MOTION TO WITHDRAW

### I. INTRODUCTION

The petitioner, Aaron Thorpe, is currently serving 84 months of incarceration for unlawful possession with intent to distribute five grams or more of cocaine base. He is now before the court seeking reconsideration of his sentence in light of the United States Supreme Court's decision in *Booker v. United States*, 543 U.S. 220 (2005). Specifically, the petitioner claims that had the court treated the Sentencing Guidelines as advisory, a la *Booker*, the court would have sentenced him below the guideline range. Because the petitioner did not raise this claim on direct review, and because he has not shown cause for his failure to do so, the petitioner is procedurally barred from now making this claim. Accordingly, the court denies the petitioner's motion for post-conviction relief.

As if anticipating a procedural bar to the *Booker* claim, petitioner's counsel, in the alternative, moves to withdraw so that Thorpe can pursue a claim of ineffective assistance of counsel. To afford the petitioner an opportunity to pursue this claim with new counsel, the court grants petitioner's counsel's motion to withdraw, but orders petitioner's counsel to assist Thorpe

in obtaining substitute counsel.

## II.   BACKGROUND

### A.   Factual Background

On October 9, 2003, pursuant to a written plea agreement with the government, the petitioner pled guilty to unlawful possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). Plea Agreement (Oct. 9, 2003). At sentencing, the court granted a three-level downward adjustment based on the petitioner's acceptance of responsibility.[1] *See* Pet'r's Mot. for Post-Conviction Relief ("Pet'r's Mot.") at 4;[2] Gov't's Resp. at 2. Additionally, the petitioner presented evidence of his diminished capacity at sentencing and requested that the court depart downward from the guidelines to the statutory minimum for the offense conduct – 60 months. *Id.*

The court applied the five-part test for downward departure based on diminished capacity laid out in *United States v. Leandre*, 132 F.3d 796 (D.C. Cir. 1998). Finding that Thorpe did not meet all the required elements of this test, the court declined to depart downward based on the petitioner's diminished capacity. Judgment (Mar. 16, 2004).

---

[1] The Probation Office calculated a base offense level of 28 for the petitioner's violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). The three-level downward adjustment brought the petitioner's adjusted offense level to 25.

[2] The Petitioner's Motion for Post-Conviction Relief lacks page numbers. For convenience, the court cites to the page numbers provided through the Electronic Case Filing System.

2

### B. Procedural Background

The court sentenced the petitioner to 84 months incarceration, the bottom of the applicable Guidelines range.[3] *Id.* The petitioner appealed his sentence, arguing that this court erred in not departing for diminished capacity. *United States v. Thorpe*, 112 Fed. Appx. 755 (D.C. Cir. Nov. 17, 2004). Critical to the instant case, the petitioner did not challenge this court's application of the U.S. Sentencing Guidelines. The Court of Appeals affirmed the sentence on November 17, 2004. *Id.*

On January 12, 2005, the Supreme Court decided *Booker v. United States*, ruling that courts must consult, but are not bound to follow, the U.S. Sentencing Guidelines. *Booker v. United States*, 543 U.S. 220 (2005). The petitioner did not file a petition for rehearing, FED. R. APP. P. 40, did not file a petition for rehearing en banc, FED. R. APP. P. 35 (b), and did not file a petition for writ of writ of certiorari to the United States Supreme Court, FED. R. SUPREME CT. P. 13. Accordingly, his conviction and sentence became final on February 16, 2005. *Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that a case becomes final when the time for filing a petition for writ of certiorari expires).

The petitioner now seeks reconsideration of his sentence in light of *Booker*. Pet'r's Mot. at 6. In the alternative, the petitioner's attorney moves to withdraw as counsel so that Thorpe may initiate an ineffective assistance of counsel claim for his counsel's failure to raise a *Booker* argument on direct review. Pet'r's Reply at 4. The court now turns to these claims.

---

[3] Based on the adjusted offense level of 25 and a criminal history category IV, the guideline range of imprisonment for the defendant's conviction was 84 to 105 months.

### III.   ANALYSIS

#### A.   Motion for Post-Conviction Relief

The petitioner seeks reconsideration of his sentence under 28 U.S.C. § 2255. According to the petitioner, the court erred in treating the Federal Sentencing Guidelines as mandatory. Pet'r's Mot. at 6. Specifically, the petitioner argues that the holding in *Booker* applies to his criminal case because the Supreme Court issued its decision in *Booker* before his case became final. Additionally, the petitioner argues that had the court treated the Guidelines as advisory rather than mandatory, the court would have sentenced him below the Guideline minimum of 84 months based on the evidence of his diminished capacity. *Id.*

#### 1.   Legal Standard for Motions Under § 2255

A person may challenge the validity of his sentence under 28 U.S.C. § 2255 by moving the court that imposed the sentence to "vacate, set aside, or correct the sentence." 28 U.S.C. § 2255; *see also Daniels v. United States*, 532 U.S. 374, 377 (2001); *Wilson v. Office of Chairperson, Dist. of Columbia Bd. of Parole*, 892 F. Supp. 277, 279 n.1 (D.D.C. 1995) (holding that "it is well settled in this jurisdiction and elsewhere that § 2255 will lie only to attack the imposition of a sentence and that an attack on the execution thereof may be accomplished only by way of habeas corpus in the district of confinement") (quoting *Hartwell v. United States*, 353 F. Supp. 354, 357-58 (D.D.C. 1972)).

Section 2255 authorizes the sentencing court to discharge or resentence a prisoner if the court concludes that it was without jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (noting that

4

"[t]his statute was intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court") (citing *United States v. Hayman*, 342 U.S. 205, 216-17 (1952)). A petitioner can collaterally attack his sentence under section 2255 where the sentencing judge made an "objectively ascertainable error." *King v. Hoke*, 825 F.2d 720, 724-25 (2d Cir. 1987) (citing *Addonizio*, 442 U.S. at 187).

The person seeking to vacate his sentence shoulders the burden of sustaining his contentions by a preponderance of the evidence. *United States v. Simpson*, 475 F.2d 934, 935 (D.C. Cir. 1973); *accord Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000). Relief under section 2255, however, is an extraordinary remedy. *Addonizio*, 442 U.S. at 184; *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992).

When a petitioner fails to raise an argument on direct appeal, he may raise his claim collaterally (that is, pursuant to § 2255) only if he can show cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To show cause and prejudice for the procedural default, the petitioner must (1) demonstrate good cause for his failure to raise the issue on appeal, and (2) show that the issue he is raising caused actual prejudice. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Kleinbart*, 27 F.3d 586, 590 (D.C. Cir. 1994). Although ineffective assistance of counsel may provide cause and prejudice for the procedural default, *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986), the claim of ineffective assistance is not itself subject to procedural default. *Massaro*, 538 U.S. at 504.

## 2. The Petitioner is Procedurally Barred from Bringing His *Booker* Claim

Because the petitioner failed to challenge the constitutionality of the Sentencing Guidelines or their mandatory application at sentencing or on direct appeal, he must show cause and actual prejudice before he can raise this new claim on collateral attack. *Bousley*, 523 U.S. at 622; *Kleinbart*, 27 F.3d at 590. The Supreme Court had not yet decided *Booker* at the time petitioner's counsel argued his case on direct appeal.[4] The petitioner, however, had the opportunity to file a timely petition for writ of certiorari after *Booker*.[5] And, as the government correctly argues, because the Supreme Court had already cast doubt on the Guidelines in *Blakely v. Washington*, 542 U.S. 296 (2004), petitioner's counsel could have challenged the constitutionality of the Guidelines on direct appeal, *Booker* not withstanding. Gov't's Resp. at 6-7; *see United States v. Brown*, 449 F.3d 154, 159-60 (D.C. Cir. 2006) (noting that, even before *Booker*, *Blakely* provided courts reasonable grounds for doubting the constitutionality of the Sentencing Guidelines). The petitioner failed to take any such action before his case became final. Furthermore, the petitioner has failed to show cause for his default in failing to raise a *Booker* claim on direct appeal or in a petition for writ of certiorari. Accordingly, the court has no choice but to deny the petitioner's § 2255 motion. *Massaro*, 538 U.S. at 504.

---

[4] At the time the Supreme Court issued its decision in *Booker*, the Court of Appeals had already affirmed the petitioner's sentence.

[5] The petitioner had until February 16, 2005 to file for certiorari, approximately one month after the Supreme Court decided *Booker*.

### B.  Motion to Withdraw as Counsel

Apparently anticipating an adverse ruling on the § 2255 motion based on the petitioner's default, petitioner's counsel seeks to withdraw so that the petitioner can file an ineffective assistance of counsel claim.[6] Pet'r's Reply at 4. Specifically, petitioner's counsel attributes the petitioner's default to counsel's own error in failing to raise a *Booker* claim on direct review. *Id.* at 2.

As a fundamental premise, counsel is under an obligation to see their legal representation through to completion once she initiates the attorney client relationship. *Streetman v. Lynaugh*, 674 F. Supp. 229, 234 (E.D. Tex. 1987) (citations omitted). The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the district court. *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (citing *Fleming v. Harris*, 39 F.3d 905, 908 (8th Cir. 1994) and *Wash. v. Sherwin Real Estate, Inc.* 694 F.2d 1081, 1087 (7th Cir. 1982)). Local Civil Rule 83.6(d) guides the court's ruling on an attorney's motion to withdraw and provides, *inter alia*, that the court should consider whether justice will be served by counsel's withdrawal. LCvR 83.6(d).

As noted above, petitioner's counsel had the opportunity to raise a *Booker* claim on direct

---

[6]  If counsel's error is found to rise to the level of constitutional ineffectiveness, the petitioner may have cause and prejudice for failure to raise his *Booker* claim on direct review. *Murray*, 477 U.S. at 488-89 (holding that attorney error rising to the level ineffective assistance of counsel may constitute cause and prejudice for a procedural default). If Thorpe succeeds in proving ineffective assistance of counsel, the procedural bar to his *Booker* claim would be lifted, and he would then be in a position to argue the merits of his *Booker* claim. *See Teague v. Lane*, 489 U.S. 288, 311 (1989) (finding that new constitutional rules of criminal procedure will be applicable only to those cases which are not yet final at the time the new rules are announced). The government concedes that because the Supreme Court issued *Booker* prior to Thorpe's case becoming final, Thorpe can invoke *Booker* should he succeed in overcoming the procedural bar to his claim. Gov't's Resp. at 9 n.7.

review, either by raising the claim on appeal under *Blakely* or by filing a petition for a writ of certiorari. Because counsel did not pursue either option, an ineffective assistance of counsel claim appears, at least at first blush, to be non-frivolous. In the interest of justice, and to afford the petitioner the opportunity to pursue this claim with new and independent counsel, the court grants counsel's motion to withdraw.[7]

## IV.   CONCLUSION

For the foregoing reasons the court, this 21st day of August, 2006, denies the petitioner's motion for post-conviction relief and grants petitioner's counsel's motion to withdraw, and orders petitioner's counsel to assist Thorpe in obtaining substitute counsel. An order instructing the parties in a manner consistent with this Memorandum Opinion is issued separately and contemporaneously herewith.

_____
Ricardo M. Urbina
United States District Judge

---

[7] The court in no way reaches the merits of any future ineffective assistance of counsel claim that Thorpe may bring. The court merely affords the petitioner the opportunity to bring such a claim should he so choose. Should the petitioner choose to pursue this option, he will have to file a separate motion to test the constitutional effectiveness of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the petition would have to show "that counsel's performance was deficient," and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). And though the petitioner has thus far articulated possible grounds for satisfaction of *Strickland*'s first prong, if he pursues an ineffective assistance claim, he will have to demonstrate prejudice. In preparing his motion (if said motion is forthcoming), the petitioner is directed to consult *United States v. Saro*, wherein the D.C. Circuit stated that "[i]n the special context of sentencing errors . . . we think that the required showing of 'prejudice' should be slightly less exacting than it is in the context of trial errors. *United States v. Saro*, 24 F.3d 283 (D.C. Cir. 1994).